# UNITED STATES BANKRUPTCY COURT
# EASTERN DISTRICT OF VIRGINIA

## Alexandria Division

| | |
|---|---|
| In re:<br><br>**CENTREVILLE GOM TANG E, INC.**<br><br>*Debtor* | Case No.  13-14254-RGM<br>Chapter 11 |

## MOTION TO ASSUME REAL ESTATE LEASE

Centreville Gom Tang E, Inc. ("CGT" or "Debtor"), by its counsel, files this Motion seeking an order authorizing it to assume a lease for premises located in the Old Centreville Crossing Shopping Center, and in support thereof, states as follows:

1. CGT filed for relief under chapter 11 of the Bankruptcy Code on September 18, 2013.  It remains in possession and control of its property.  As of the date of this Motion, no trustee or unsecured creditors committee has been appointed.

2. This is a core proceeding, and this Court has jurisdiction over this matter pursuant to 28 U.S.C. section 157(b)(2)(M).

3. Debtor is a Virginia corporation having its principal place of business at 138940-

---

Ann E. Schmitt, VSB No. 22030
Culbert & Schmitt, PLLC
30C Catoctin Circle, SE
Leesburg, VA 20175
PH:    703-737-7797
FX:    703-439-2859
Email: aschmitt@culbert-schmitt.com

E Braddock Road, Centreville, where it operates a Korean restaurant known as Gom Tang E.

4. The restaurant premises are leased from Grand Centreville, LLC ("Grand Centreville") and are located in the Old Centreville Crossing Shopping Center (the "Center").

5. Grand Centreville filed for relief under chapter 11 of the Bankruptcy Code on August 1, 2013. It remains in possession and control of its property. As of the date of this Motion, no trustee or unsecured creditors committee has been appointed.

## Background

6. On or about November 1, 2007, Grand Centreville entered into a Deed of Lease Agreement with Gam Mee Oak Corporation, pursuant to which Gam Mee Oak leased 1,600 square feet of space in the Center (the "Lease") for use as a restaurant. The Lease term was five (5) years, with one five year renewal.

7. Gam Mee Oak was owned by Young Ok Kang and Ha Sok Kang. In 2011, the Kangs were divorced, and in March 2012, CGT purchased the business assets of Gam Mee Oak. On May 3, 2012, Grand Centreville, Gam Mee Oak and CGT entered into an Assignment and First Amendment to Shopping Center Deed of Lease, pursuant to which the Lease was assigned to CGT. In connection with the Lease Assignment, CGT was required to cure all monetary arrearages under the Lease. Pursuant to the agent of Grand Centreville, the amount of the arrearage was $5,600, which was paid in connection with the execution of the Assignment..

8. On March 18, 2012, in anticipation of the Lease assignment, and pursuant to section 3D of the Lease, Ha Sok Kang gave Grand Centreville written notice of the tenant's exercise of the renewal option, to take effect in connection with the Lease assignment. The

2

original term of the Lease expired in November 2012, and CGT has continued to occupy the Premises.

9. In late 2012, Grand Centreville, through its property manager and attorney, informed CGT that it was charging an additional $1,500 per month for attorney fees. These fees, are included in the amounts calculated to be owed by CGT. As of the date of this Motion, these amounts total $13,500. Debtor believes that these fees do not represent actual and necessary legal expenses incurred by Grand Centreville and as such are not a legitimate charge under the Lease.

10. By letter dated July 9, 2013, Grand Centreville, through its Receiver, asserted that CGT was in arrears $25,076.86. The letter threatened legal action if these amounts were not paid within 5 days. Attempts were made to resolve the issues related to amounts owed under the Lease and an additional $5,500 was paid by to Grand Centreville, but on July 31, 2013 counsel for the Receiver, sent a letter to CGT purporting to terminate the Lease.

11. Because of the threatened termination, CGT has not paid the August or September rents. However, it believes that the total amount currently owed is less that two month's rent.

12. Counsel for CGT contacted Ms. Walther in an attempt to resolve the outstanding arrearages and to make arrangements to cure the arrearage. She was told that Grand Centreville was not interested in resolving the matter, and instead wanted the return of the restaurant premises.

13. The Debtor's business consists solely of the restaurant operated in the Center. If the lease is terminated, its business will cease.

14. Debtor is prepared to cure the outstanding arrearage and to provide adequate assurance as to future performance. It has previously offered to increase the amount of its deposit but this offer was rejected by Grand Centreville.

WHEREFORE, Debtor seeks an order (i) determining the amount owed by Debtor to Grand Centreville under the Lease, (ii) authorizing Debtor to assume the Lease and (iii) granting such other relief as is just.

> */s/ Ann E. Schmitt*
> Ann E. Schmitt, VSB No. 22030
> Culbert & Schmitt, PLLC
> 30C Catoctin Circle, SE
> Leesburg, VA 20175
> PH:    703-737-7797
> FX:    703-439-2859
> Email: aschmitt@culbert-schmitt.com
>
> Proposed Counsel for Centreville Gom Tang E, Inc.

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing was served this 25th day of September, 2013, by first class mail on the following:

Lynn L. Tavenner
Paula Beran
Tavenner & Beran
20 North Eighth Street, Second Floor
Richmond, VA 23219

Lizabeth Lee Walther
105 North Main Street, Suite 241F
Culpeper, VA 23701

Meritus Payment Solutions
1901 E Alton Ave.
Suite 220
Santa Ana, CA 92705

Prosperity Construction Group
c/o Rosalyn Busman
P.O. Box 7514
Fairfax Station, VA 22039-7514

Virginia Dept. of Taxation
PO Box 2156
Richmond, VA 23218

Office of the United States Trustee
115 South Union Street
Alexandria, VA 22314

*/s/ Ann E. Schmitt*